**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3556-16T4

DEUTSCHE BANK NATIONAL
TRUST COMPANY as Trustee For
IndyMac INDX Mortgage Loan Trust
2005-AR18 Mortgage Pass-Through
Certificates Series 2005-AR18,

     Plaintiff-Respondent,

v.

EDWARD EMOND, a/k/a EDWARD
A. EMOND, and PAULA EMOND,
a/k/a PAULA M. EMOND,

     Defendants-Appellants,

and

TD BANK, NA, f/k/a Commerce
Bank, NA,

     Defendant.

Submitted November 14, 2018 – Decided December 24, 2018

Before Judges Currier and Mayer.

On appeal from Superior Court of New Jersey, Chancery Division, Burlington County, Docket No. F-000646-16.

Edward Emond and Paula Emond, appellants pro se.

McGlinchey Stafford PLLC, and RAS Citron, LLC, attorneys for respondent (Ashley R. Newman and Victor L. Matthews, on the brief).

PER CURIAM

In this residential foreclosure action, defendants Edward and Paula Emond appeal the September 30, 2016 order granting summary judgment to plaintiff Deutsche Bank National Trust Company. An uncontested order for final judgment was entered in February 2017. After a review of defendants' contentions in light of the record and applicable legal principles, we affirm.

In 2005, defendants executed a note to IndyMac Bank, F.S.B. (IndyMac) for $384,000. The note was secured by a mortgage, also held by IndyMac. In October 2011, defendants defaulted on their obligations under the note and mortgage. In 2012, IndyMac assigned the mortgage to plaintiff.[1]

---

[1] Mortgage Electronic Registration Systems, Inc. (MERS), solely as nominee for IndyMac, assigned the mortgage to plaintiff, as Trustee of IndyMac INDX, Mortgage Loan Trust 2005-AR18, Mortgage Pass-Through Certificates, Series 2005-AR18.

A-3556-16T4

In January 2016, plaintiff filed a complaint for foreclosure. Defendants filed a contesting answer with affirmative defenses, including allegations challenging plaintiff's standing and a claim defendants were not provided with the Notice of Intent to Foreclose (NOI).

Plaintiff moved for summary judgment, and attached copies of the original note and the mortgage, assignment of the mortgage, NOI, and a certification prepared by Albert Gruber.[2] Defendants opposed the motion and cross-moved to dismiss the complaint, asserting plaintiff lacked standing to bring the foreclosure action.

In a written statement of reasons and order issued September 30, 2016, the trial judge granted plaintiff's motion for summary judgment and denied defendants' cross-motion. The trial judge found plaintiff established a prima facie right to foreclose on the property and rejected defendants' affirmative defenses. Further, the trial judge determined plaintiff was "the holder of the note and [had] standing to bring this action."

On appeal, defendants contend the trial judge erred: (1) in finding the 2012 assignment was valid as IndyMac's nominee, MERS, lacked intent to assign

---

[2] Gruber is a contract management coordinator for Ocwen Loan Servicing, LLC, plaintiff's mortgage loan servicer. Gruber certified plaintiff acquired the mortgage and note prior to filing the foreclosure action.

A-3556-16T4

IndyMac's rights in the mortgage to plaintiff; (2) in determining plaintiff had standing to bring the foreclosure action as "[p]laintiff failed to establish that it acquired ownership or control of the original note"; and (3) in relying on Gruber's certification to determine defendants defaulted on their mortgage. We are unpersuaded by these arguments.

We review an order granting summary judgment de novo and a trial court's ruling is owed no special deference. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016).

"A valid assignment must contain evidence of the intent to transfer one's rights, and 'the subject matter of the assignment must be described sufficiently to make it capable of being readily identified.'" K. Woodmere Assocs., L.P. v. Menk Corp., 316 N.J. Super. 306, 314 (App. Div. 1998) (quoting 3 Williston on Contracts § 404, at 4 (3d ed. Jaeger 1957)).

Here, we are satisfied MERS, as nominee, properly assigned IndyMac's mortgage and note to plaintiff on February 16, 2012. An agent of MERS executed the assignment, demonstrating intent to transfer. See N.J.S.A. 46:14-4.2. In addition, the subject matter of the assignment is "readily identified" because it includes the property's address, the amount loaned to defendants, and where the mortgage was recorded. See Menk Corp., 316 N.J. Super. at 314.

4

In addressing defendants' second argument, it is well-established that in order to have standing in a foreclosure action, the "party seeking to foreclose a mortgage must own or control the underlying debt." Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011) (quoting Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010)). Standing is conferred by "either possession of the note or an assignment of the mortgage that predated the original complaint." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 216 (App. Div. 2011)).

Here, we are satisfied plaintiff established a prima facie case for foreclosure. Plaintiff clearly demonstrated its standing to foreclose on the property because the assignment of the mortgage from IndyMac predated the January 2016 filing of the foreclosure complaint. Upon that assignment, and underlying transfer of possession, plaintiff became the holder of the instrument. Additionally, plaintiff provided the original note and NOI to the trial judge as exhibits.

Defendants' remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3556-16T4